JUNE TERM 1836.

Wolf v. Cozzens.

---

### Wolf v. Cozzens.

A. having given his note to B. was summoned as a garnashee, in a suit against B. and a recovery was had. In an action by C. to whom B. had assigned the note, (before the attachment,) against A. the record of the recovery against him as garnishee is a good bar to the action.

Nor will it matter, that C. has exchanged the note for four other smaller notes, amounting to the same sum and for the same consideration.

ERROR to the circuit court of St. Louis county.

*Geyer for pltf. in error.*

The plaintiff in error contends 1st. That the record of the proceedings and judgment in the case of Seeligson against Louis Leo Wolf defendant, and Brown Cozzens garnishee, is not competent evidence in this case—1 Phil. Ev. 222; 1 Starkie, 181.

2. Upon the evidence as given, the verdict ought to have been for the plaintiff, and therefore the court erred in refusing a new trial.

*Spalding for appellee.*

The only points arising here, are 1st. Was the record rightly admitted in evidence? 2nd. Was the motion for a new trial propeily overruled?—which motion assigns as reasons that the verdict was against law and evidence, that the record was improperly admitted, and that the court in finding for the said Cozzens on the evidence given. 1st. ' The record was rightly admitted—I hardly know on what ground it can be contended that the record was not admissible at all. For if a recovery against a garnishee can protect him in any case, it would seem certain that the record of such recovery must at least form part of the evidence on which that defence would rest. In this case, this record was given in evidence, together with other evidence, which showed that the debt condemned in the attachment case, was the same as the one sued for before the justice. The claimant of the debt should have interpleaded.—Old rev. code, page 149, sec. 10, and pamphlet Dec. Sup. Court, printed 1836, page 38 and 39. 2nd. On the point of new trial, the only other question was, whether the debt attached, was the same sued on in this action. The proof was sufficient to establish the identity.

Opinion delivered by TOMPKINS J.

Joseph Leo Wolf for the use of Wilson Primm, sued Brown Cozzens before a justice of the peace on a promissory note, and judgment being given against him, he appealed to the circuit court. On a trial in that court, Cozzens prevailed, and Wolf brings the suit here on a writ of error. It appears on the bill of exceptions, that one Moses Seeligson brought an action in the circuit court, St. Louis county, against Louis Leo Wolf, and he not being found, Cozzens was summoned to answer as garnishee. Judgment being first had against Louis Leo Wolf, Cozzens answered to interrogatories filed, that he had executed to Louis Leo Wolf his note for $240,— that in a few days after the execution of his note as aforesaid, the said Louis came to him with the said instrument of writing, and read from the back of it an assignment thereof to Joseph Leo Wolf, but did not let the affiant take it to look at it; he read no date to the assignment, but told the garnishee he had assigned it to his brother.

Some few days after, Wilson Primm showed him the said instrument indorsed a second time to said Primm, Primm demanded payment, and the affiant, Cozzens, executed in favor of said Joseph Leo Wolf, his four several promissory notes, for sixty dollars, payable at different times thereafter, and Primm delivered up to him his note for $240, above mentioned, giving him a receipt on it for the amount. On one of the above notes for sixty dollars, Cozzens was sued before the justice, and judgment going against him, and the cause being on trial before the circuit court, he offerred the record of the recovery against him in the suit by attachment against Louis Leo Wolf, the circuit court permitted it to be given in evidence. Judgment being for Cozzens, the plaintiff moved for a new trial, which was refused. The opinion of the court in both decisions were excepted to.

By a proviso to the first section of our statute of assignments, the maker of an assigned note, has the same defence that he could have, if it had not been assigned. Had this note remained in the hands of Louis Leo Wolf not assigned, no doubt but a judgment against Cozzens would have barred Louis Leo Wolf's right of action.— Had the note after assignment remained in possession of Joseph Leo Wolf or his agent, assigned as it was, it seems equally clear, that he not taking any other than Louis's interest in the note would be barred. It cannot make his case better that the original note was surrendered and the four new notes taken. The consideration was the same, and Cozzens gave the new notes at the request of the assignee Joseph. Cozzens in answer to the interrogatories filed, also stated, as appears in the bill of exceptions, that Louis Leo Wolf told him that he had assigned the above mentioned instrument of writing to Joseph, because he apprehended it would be attached— that he was indebted to his brother in the sum of $1800, which his brother had told him he might use. Louis told him also, that Joseph lived in New York, and he could not have known of the assignment, as it was made in a few days after the contract. With this evidence before them, the jury might well find a verdict against Joseph Leo Wolf in the suit on the new note given by Cozzens. For these reasons, we are of opinion, that the circuit court committed no error, either in suffering the record to be read in evidence or in refusing a new trial. Its judgment is therefore affirmed.